UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| BOB JACKSON, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. |
| | ) 1:14-CV-00026 |
| v. | ) Jury Trial Demanded |
| | ) |
| RELIANCE HOUSING FOUNDATION, INC., FRED LUTZ, MARIE DIPRINZIO, MARY O'DONNELL, SUMMER GREENE, LAUREN ANDERSON, CRYSTAL KORNEGAY, and JACK GILBERT | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Comes now the Plaintiff, Bob Jackson, by and through counsel, who alleges and says:

### NATURE OF COMPLAINT

1. This is an action seeking damages against Defendant, seeking damages for violation of the North Carolina Wage and Hour Act, N.C.G.S. § 95-25.1 *et. seq*.

### PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, Bob Jackson (hereinafter "Plaintiff" or "Jackson"), is a citizen and resident of Buncombe County, North Carolina.

3. Defendant, Reliance Housing Foundation, Inc., (hereinafter "Defendant Reliance") is a Foreign Corporation incorporated in Florida, with its principal place of business located at 516 NE 13th Street, Fort Lauderdale, Florida and may be served with process through its registered agent, Corporation Service Company, 327 Hillsborough Street, Raleigh, North Carolina, 27603.

1

4. Defendant, Fred Lutz, (hereinafter "Defendant Lutz") is the Chairman of the Board and may be served with process, at 12 Hayes Court, Wilmington, Delaware, 19808.

5. Defendant, Marie DiPrinzio (hereinafter "Defendant DiPrinzio") Secretary, may be served with process at, 10 Dogwood Hills Lane, Chadds Ford, Pennsylvania, 19317.

6. Defendant, Mary O'Donnell (hereinafter "Defendant O'Donnell") Treasurer, may be served with process at, 1065 NW 99th Avenue, Plantation, Florida, 33322.

7. Defendant, Summer Greene (hereinafter "Defendant Greene") Director, and may be served with process at, 560 West Tropical Way, Plantation, Florida, 33322.

8. Defendant, Lauren Anderson (hereinafter "Defendant Anderson") Director, and may be served with process at, 3313 Constance Street, New Orleans, Louisiana, 70115.

9. Defendant, Crystal Kornegay (hereinafter "Defendant Kornegay") Director, and may be served with process at, 1542 Columbus Avenue, Suite 2, Boston, Massachusetts, 02119.

10. Defendant, Jack Gilbert (hereinafter "Defendant Gilbert") may be served with process at, 104 Westbrook Court, Safety Harbor, Florida, 34695.

11. The amount in controversy exceeds $75,000.

12. Defendant Reliance and the individual Defendants in paragraphs 4 through 10 are employers within the meaning of N.C.G.S.§ 95-25.2(5) and are subject to the jurisdiction of this Court due to operating in and availing themselves of law in North Carolina.

13. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as there is complete diversity among the parties and the amount in controversy exceeds $75,000 exclusive of interests and costs.

14. Venue is proper in this jurisdictional district pursuant to 28 U.S.C. § 1391 (c) as Defendant is subject to personal jurisdiction of this Court and because acts giving rise to this action occurred in this District.

## ALLEGATIONS

15. Jackson began working with Defendants in or about June, 1997.

16. Jackson served Defendants as the CEO from the time of the beginning of his employment until the time of his resignation. For the past seven years, Jackson has lived in, and performed his duties for Defendants in Asheville, North Carolina.

17. As the CEO, Jackson was responsible for developing and managing the day-to-day business.

18. At all times relevant to this action, Jackson and Defendants maintained a contractual relationship with a compensation arrangement which provided Jackson would accrue vacation time. Defendants' written policy also provided for vacation time for Jackson. Jackson resigned his employment with Defendants on or about August 27, 2013 but was available to assist with the transition for a period of thirty (30) days, without pay.

19. At the time his employment ended, Jackson was paid every two weeks which made his final pay check due on September 6, 2013.

20. At the time his employment ended, Jackson was owed 878.94 hours of accrued vacation time, totaling a monetary amount of approximately $126,000.00

21. Defendants have repeatedly refused to pay Jackson's vacation time without good cause despite Jackson's repeated requests to be paid.

22. Defendants are aware of its obligation under the North Carolina Wage and Hour Act including its obligation to pay Jackson promised wages owed.

## CLAIM FOR RELIEF
### (Wage and Hour)

23. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 22 of this complaint.

24. For the period referenced herein, Defendants were an employer within the meaning of the North Carolina Wage and Hour Act, N.C.G.S. § 95-25.1 *et seq.*, and were subject to each of the provisions of said statute with respect to the employment of Plaintiff.

25. Defendants were obligated to pay Plaintiff's accrued vacation pursuant to the North Carolina Wage and Hour Act N.C.G.S. §95-25.12.

26. Defendants violated N.C.G.S. § 95-25.12 by failing to pay Plaintiff his vacation pay when due.

27. Defendants are liable to Plaintiff for his unpaid wages pursuant to N.C. GS § 95-25.22.

28. As a direct and proximate result of Defendants repeated and multiple violations of the North Carolina Wage and Hour Act, Plaintiff has suffered great injury and damages and is entitled to recover from Defendants all unpaid wages due and owing, as well as interest, liquidated damages in an amount equal to the amount due under the Wage and Hour Act, costs and attorneys' fees as provided in N.C.G.S. § 95-25.22.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

A. The Court enter a judgment in favor of Plaintiff and against Defendants to include compensation for unpaid wages.

B. The Court enter an award in favor of Plaintiff and against Defendants for statutory liquidated damages.

C. The Court enter an award in favor of Plaintiff and against Defendants for Plaintiff's costs, fees and reasonable attorneys fees.

D. This matter be tried by a jury.

E. The judgment bear interest at the legal rate from the date of filing this action until paid.

F. Defendants be taxed with the costs of this action; and

G. The Court order such other and further relief as it may deem just and proper.

Respectfully submitted this the 30th day of January, 2014.

**/s/ KIRK J. ANGEL**
Kirk J. Angel NCSB# 33559
Attorney for the Plaintiff
THE ANGEL LAW FIRM, PLLC
109 Church Street N
Concord NC 28025
PO Box 1296 (28026)
Telephone: 704.262.6903
Facsimile: 704.973.7859
e-mail: kirk@theangellawfirm.com